Darryl C. Carter
3010 Overseas Highway
Marathon, FL 33050
Email: dcclawinfo@posteo.net
Phone: (954) 495-0864

Attorney for PLAINTIFF

FILED BY ___ D.C.
JUL 18 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DARRYL C. CARTER,<br><br>    Plaintiff,<br><br>vs.<br><br>SHELLEY VARGAS, NILLY MARTINEZ; ROLAND DOE<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>CONSTITUTION FREEDOM OF SPEECH VIOLATION(S); MISREPRESENTATION; NEGLIGENCE<br><br>28 U.S.C. § 2201;<br><br>JURY TRIAL DEMANDED |

1

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

## TABLE OF CONTENTS

PARTIES..................................................................................................................2

JURISDICTION AND VENUE..............................................................................3

FACTUAL BACKGROUND..................................................................................3

CAUSES OF ACTION............................................................................................6

    COUNT I (United States Constitution Amendments I) (Freedom of Speech Violations) (Damages, Declaratory Relief; Injunctive Relief)..............................6

    COUNT II (Misrepresentation) (Damages, Declaratory Relief; Injunctive Relief) ...............................................................................................................................10

    COUNT III (Negligence) (Damages, Declaratory Relief; Injunctive Relief)......13

PRAYER..................................................................................................................15

## PARTIES

### 1.

Defendant Shelley Vargas is a Store Manager whose address is: 4555 Overseas Highway, Marathon, FL 33050. The business address at this location is: (305) 289-1966. Defendant Shelley Vargas is sued in both her OFFICIAL and PERSONAL capacities.

Defendant Nilly Martinez is a Human Resources contact whose address is: 4555 Overseas Highway, Marathon, FL 33050. The business address at this location is: (305) 289-1966. Defendant Nilly Martinez is sued in both her OFFICIAL and PERSONAL capacities.

Defendant Roland Doe is a manager and/or cook at IHOP whose address is: 6495 Overseas Highway, Marathon, FL 33050. The business address at this location is: (305) 743-5952. Defendant Roland Doe is sued in both his OFFICIAL and PERSONAL capacities.

### 2.

2

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Darryl C. Carter is the plaintiff in this action whose address is: 3010 Overseas Highway, Marathon, FL 33050.

3.

Upon information and belief, defendants DOES 1-50 are a part of a social media cancel culture to which defendants VARGAS and MARTINEZ are involved either directly or indirectly. Such social media cancel culture intentionally seeks out to cause, create, and foster harm, the paramount basis of which is economic and financial, to person(s) who express ideas, opinions, and views different from, not in agreement with, or opposite of current social trends, behaviors, and political movements. Plaintiff does not know the actual identities of the other cancel culture individuals and will amend the complaint to reflect the identity of such individuals when such identities become known. Further, such cancel culture individuals, as later identified whether working in a federal, state, and/or personal capacity will be sued in like capacities at later amended.

## JURISDICTION AND VENUE

4.

Plaintiff brings this action per the United States Constitution incorporating the Bill of Rights with emphasis on the First Amendment i.e. Freedom of Speech.

5.

Furthermore, this court is appropriate with respect to venue as the violations and harm complained of against plaintiff, as set forth herein, occurred in this judicial district. Furthermore, defendants VARGAS and MARTINEZ both have their principal place of business in this judicial district.

## FACTUAL BACKGROUND

6.

3
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff was hired on June 10, 2022 at store number 6302. Plaintiff had direct in person interview(s) and conversation(s) with both defendants VARGAS and MARTINEZ prior to being hired. The address of such conversations and meetings took place at: 4555 Overseas Highway, Marathon, FL 33050. The specific location(s) included the upstairs employee related areas (at the top of the stairs to the right) in defendant VARGAS' and MARTINEZ'S respective offices. The date was on or around June 3, 2022 @ 3:00 pm. The in person conversation(s) were preceded via several telephone calls and conversations with defendant MARTINEZ at defendants' telephone number (305) 289-1966 originating from plaintiff's telephone number: (305) 619-6207.

7.

As part of the hiring process, plaintiff discussed his work background, personal details, and living situation with both defendants VARGAS and MARTINEZ including the impact of the COVID-19 pandemic on his personal life both relationship and economically wise. Additionally, plaintiff discussed in detail having previously owned and operated a blog expressing different views and opinions including: a governor's failure to acknowledge the reality of institutional racism; and that simply having pigmented skin did not translate into a negotiable check for $1M, 40 acres and a mule for every person with pigmented skin with even remote traces of African heritage.

8.

Plaintiff's differing opinions and views as originally expressed publicly and later directly to defendants VARGAS and MARTINEZ, ante, have been brutally attacked via social media outlets including but not limited to: Instagram, Twitter, Facebook, and WhatsApp.

9.

4

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

     From the outset of plaintiff's employment, under the direction of VARGAS, plaintiff experienced issues with cancel culture patrons working at store 6302. And on June 18th, 2022 @ or around 5:35 am plaintiff submitted a written HR complaint, via email to the specifically designated HR provided email address, regarding such cancel culture issues; such HR complaint was assigned case #02868517. The title of the email was/is: "Harassment." In the body of the HR email complaint, plaintiff specially stated that the motive for the cancel culture harassment was overwhelmingly likely to be politically motivated.

10.

     Both defendants VARGAS and MARTINEZ stated directly, in person, to plaintiff, pre-hire ante, that Home Depot store 6302, was a great place to work, filled with advancement opportunity due to limited ability to attract candidates in a resort related area. Additionally, both defendants VARGAS and MARTINEZ stated, directly, to plaintiff, ante, that the company was politically neutral and did not allow political statements, political harassment, nor politically motivated actions and that such was especially not tolerated in 6302 under the direction of VARGAS and HR policy driver/representative MARTINEZ.

11.

     On or around July 5, 2022 @ 11:00 am, defendant NILLY took plaintiff off the schedule to work in store 6302. On or around July 14, 2022 @ 8:41 am, in a phone call with plaintiff, defendant VARGAS forcibly resigned plaintiff from employment.

12.

     On or around June 7, 2022 plaintiff had a conversation with defendant Roland Doe with respect to issues plaintiff had experienced both relationship wise

5

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

and economically related to blog, ante, in which plaintiff expressed his opinions and views, ante, Defendant Roland Doe is black and/or of African descent.

13.

On or around July 17, 2022 @ 8:15 am plaintiff in a conversation with defendant Roland Doe and specifically stated an issue with bank fraud and that plaintiff had submitted his banking information to defendant Roland Doe as originally provided to defendant Roland Doe on or around June 7, 2022. Further, plaintiff stated that he needed to change is banking scenario due to issues with fraud. Plaintiff further inquired directly to defendant Roland Doe as to whom he may have shared his banking information and whether or not the picture defendant Roland Doe took of plaintiff's information was still on his mobile phone number: (954) 561-9532. Plaintiff further inquired as to how defendant Roland Doe handled his banking information. Plaintiff, also, requested defendant Roland Doe's last name (thus the use of Doe designation for this defendant) which he specifically refused to supply. During the conversation with defendant Roland Doe, he specifically stated, "If you have a problem you can sue me." Lastly, defendant Roland Doe refused to provide the owner of specific IHOP's information being that it is a franchise store. Plaintiff video recorded the exchange (conversation) with defendant Roland Doe. See link[1]: ROLAND DOE MANAGER

### CAUSES OF ACTION
### COUNT I
(UNITED STATES CONSTITUTION AMENDMENTS I)
(FREEDOM OF SPEECH VIOLATIONS)
(DAMAGES, DECLARATORY RELIEF; INJUNCTIVE RELIEF)
**(Asserted Against Defendants VARGAS, MARTINEZ, ROLAND DOE, and DOES 1-50)**

---

1  Last viewed July 17th, 2022 at 10:46 pm.

6
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

14.

Plaintiff alleges and incorporates ¶¶ 1-13 as though fully set forth herein.

15.

Defendants VARGAS, MARTINEZ, and ROLAND DOE were privy to plaintiff's personal opinions and views as expressed directly to both defendants in one or more in-person meeting(s) and/or conversations with defendants prior to CARTER being hired by MARTINEZ under the direct approval of VARGAS. As to defendant ROLAND DOE, the same conversation, ante, took place on the first day of employment at IHOP. Furthermore, plaintiff actually witnessed VARGAS specially authorizing MARTINEZ to hire plaintiff after CARTER had an in depth conversation, in person, with VARGAS.

16.

Defendants VARGAS, MARTINEZ, and ROLAND DOE knew of plaintiff's opinions and views as he expressed difficulty economically and relationship wise after originally expressing such views in plaintiff's blog. Plaintiff's views, ante, did not sit well with neither VARGAS nor MARTINEZ and consequently plaintiff was lured into an employment situation with the Home Depot where VARGAS and MARTINEZ could and did share his personal and private information with one or more of their cancel culture group members with the intent, likelihood, or probability of causing plaintiff both relationship and

7
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

financial damage. Financial damage includes insurance fraud and monetary losses both direct and indirect. Furthermore, plaintiff's views and opinions did not sit well with defendant ROLAND DOE being black and disgruntle to the no 40 forty acres and a mule for every black person opinion. Defendant ROLAND DOE as retaliation for plaintiff's views and opinions shared or allowed to be shared plaintiff's personal situation and financial information with unauthorized cancel culture individuals with the intent of injuring or harming plaintiff or willful disregard of the injury that would come to plaintiff as a consequence of defendant ROLAND DOE's sharing of plaintiff's personal and private information with unauthorized individuals, ante.

17.

Defendants VARGAS and MARTINEZ knew or should have known that per their own store policies of store 6302 that they were not to engage in political speech harassment nor retaliate for the same, especially since the corporate policy expressly condemns such political related behavior in the workplace. Notwithstanding the same, defendants VARGAS and MARTINEZ shared, or allowed to be shared, personal and private information about plaintiff to one or more, other, cancel culture individuals, working at/by/through the Home Depot, and in doing so knew or should have known of the harm that would come to plaintiff by doing so. This is especially true as defendants VARGAS and

MARTINEZ are not and were not mere passive actors, conversely VARGAS and MARTINEZ were directed to cause plaintiff harm and directly acted with intent of doing so. Furthermore, VARGAS and MARTINEZ were directed to take such actions by one or more rogue federal and/or state government workers and/or officials.

18.

Plaintiff has suffered harm in the form of emotional distress, constant harassment, relationship damage, tracking of plaintiff's movements, projecting, loss of income, reduction of hours, change in title and duties to a lower status, change in pay, loss of advancement opportunity, loss of benefits, damage to credit standing and worthiness, and overall economic damages. Furthermore, plaintiff seeks a declaration, accompanied with injunctive relief, that defendants VARGAS, MARTINEZ, and ROLAND DOE violated plaintiff's first amendment rights and sought to chill the same via acting along with or under the direction of one or more government actors/officials (past or present) and private individuals. Plaintiff further seeks a declaration that plaintiff's first amendment free speech right(s) extends to plaintiff's workforce per defendants own workplace policy and defendants collusion with one or more government actors. Furthermore, defendant ROLAND DOE shared plaintiff's information, ante, with one or more of the same government actors as did defendants VARGAS and MARTINEZ. Plaintiff,

9
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

additionally seeks damages the greater of $75,000 or plaintiff's damages both joint and severally against defendants VARGAS, MARTINEZ, ROLAND DOE, and DOES generally 1-50.

## COUNT II
### (Misrepresentation)
### (Damages, Declaratory Relief; Injunctive Relief)
### (Asserted Against Defendants VARGAS, MARTINEZ and DOES 1-50)

19.

Plaintiff alleges and incorporates ¶¶ 1-18 as though fully set forth herein.

20.

Defendants VARGAS and MARTINEZ represented to plaintiff that the company " *was a great place to work, filled with advancement opportunity due to limited ability to attract candidates in a resort related area. Additionally, both defendants VARGAS and MARTINEZ stated, directly, to plaintiff, ante, that the company was politically neutral and did not allow political statements, political harassment, nor politically motivated actions.*"

21.

Defendants VARGAS' and MARTINEZ'S statements were not only untrue but both defendants knew or should have known their statements were untrue, especially with respect to the statements about a politically neutral work environment and no or zero tolerance for "*political statements, political harassment, nor politically motivated actions.*" Defendants VARGAS and

10
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

MARTINEZ knew their statements were false as they are and/or were actively aware of the cancel culture of the Home Depot involving both government and private actors and took actions to harm plaintiff knowing of their false statement as conveyed to plaintiff. In essence, defendants VARGAS and MARTINEZ can be said to be supervisory like actors in a form of economic civil war in which VARGAS and MARTINEZ act according to the direction from likely government and other high profile actors as part of a cancel culture for plaintiff's expressed views and opinions as set forth in the statement of facts herein.

22.

Defendants VARGAS and MARTINEZ knew or should have known that their actions or lack thereof were intended to cause or would cause plaintiff harm. The fact of defendants VARGAS and MARTINEZ intent or willful disregard for the harm to come to plaintiff is echoed via the HR complaint submitted via email, ante. Moreover, defendant VARGAS and MARTINEZ shared or knew about the sharing of plaintiff's private and personal information including banking, insurance, wages, etc of one or more cancel culture individuals despite the company's policy forbidding the sharing of such information with individuals outside of the company, especially in this context (cancel culture). Moreover, plaintiff's telephone numbers, address(es), work schedule, and department were shared, by defendants VARGAS and MARTINEZ, with said cancel cancel culture

11
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

with the direct intent of tracking plaintiff's whereabouts with the intent or consequence of harassing plaintiff on the job.

23.

Plaintiff has suffered damages and harm as consequence of defendants VARGAS' and MARTINEZ's actions including emotional distress, relationship damage, constant harassment, tracking of plaintiff's movements, projecting, loss of income, reduction of hours, change in title and duties to a lower status, change in pay, loss of advancement opportunity, loss of benefits, damage to credit standing and worthiness, and overall economic damages.

24.

Furthermore, plaintiff seeks a declaration that defendants VARGAS and MARTINEZ violated plaintiff's first amendment rights and sought to chill the same via acting along with or under the direction of one or more government actors/officials (past or present) and private individuals. Plaintiff further seeks a declaration, accompanied with injunctive relief, that plaintiff's first amendment right extends to defendants' workplace per defendants own workplace policy and defendants collusion with one or more government actors. Plaintiff, seeks damages the greater of $75,000 or plaintiff's damages both joint and severally against defendants VARGAS, MARTINEZ, and DOES 1-50. Plaintiff, additionally seeks punitive damages the greater of $225,000 or three (3) times plaintiff's damages

12
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

both joint and severally against defendants VARGAS, MARTINEZ, and DOES 1-50.

### COUNT III
(NEGLIGENCE)
(DAMAGES, DECLARATORY RELIEF; INJUNCTIVE RELIEF)
**(Asserted Against Defendants VARGAS, MARTINEZ, ROLAND DOE, and DOES 1-50)**

25.

Plaintiff alleges and incorporates ¶¶ 1-24 as though fully set forth herein.

26.

Defendants VARGAS, MARTINEZ, and ROLAND DOE had a duty and obligation to secure plaintiff's personal and private information, ante. With respect to defendants VARGAS and MARTINEZ to ensure the proper handling and maintenance of plaintiff's information, ante, and not to share, any and all of such, with unauthorized cancel culture individuals. With respect to defendant ROLAND DOE not to share any and all of plaintiff's personal and/or financial information with any and all unauthorized individuals, especially, cancel culture individuals.

27.

Notwithstanding defendants VARGAS, MARTINEZ, and ROLAND DOE's duty, each breached their duty in an extremely gross manner with intent to harm plaintiff or otherwise with willful disregard of the injury that would come to plaintiff per their actions, ante.

13
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

28.

Defendants VARGAS, MARTINEZ, and ROLAND DOE'S breach of duty is the direct and proximate cause of the harm and damage to plaintiff. Plaintiff damages include emotional duress and distress, loss of wages, loss of income, loss of advancement opportunity, relationship damage, reputation damage, loss of benefits, damage to credit standing and worthiness, and overall economic standing, As a consequence plaintiff seeks damages of $75,000 both joint and severally against defendants VARGAS, MARTINEZ, and ROLAND DOE. Additionally, plaintiff seeks punitive damages the greater of $225,000 or three (3) times plaintiff's damages.

29.

Plaintiff further seeks a declaration that defendants VARGAS, MARTINEZ, and ROLAND DOE acted in a grossly negligent manner and/or with with the willful disregard in the handling of plaintiff's personal and private information which any reasonable employer and/or employer representative would have known better and acted more diligently to secure plaintiff's personal and private information and not subject him to harm via a cancel culture network. Plaintiff further seeks injunctive relief against defendants VARGAS, MARTINEZ, and

14
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

ROLAND DOE, in the event of a reinstatement scenario, from any and all conduct complained of herein giving rise to irreparable harm.

30.

# PRAYER
# JURY TRIAL DEMANDED

WHEREFORE, Plaintiff prays for judgment against defendants VARGAS, MARTINEZ, ROLAND DOE and other DOES as follows:

**Regarding the first claim of relief:**

1. A declaration that defendants VARGAS, MARTINEZ, and ROLAND DOE violated plaintiff's first amendment free speech right(s) and sought to chill the same via acting along with or under the direction of one or more government actors/officials (past or present) and private individuals.
2. A declaration that plaintiff's first amendment right extends to plaintiff's workforce per defendants VARGAS, MARTINEZ, and ROLAND DOE'S own workplace policy and/or defendants collusion with one or more government actors.
3. An Order for economic and emotional distress damages in excess of $75,000 both joint and severally against defendants VARGAS, MARTINEZ, and ROLAND DOE.
4. Reinstatement of employment with the Home Depot and injunctive relief enjoining of any and all cancel culture politically motivated retaliatory freedom of speech conduct at any and all of the Home Depot stores in North America.

**Regarding the second claim for relief:**

15
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

1. A declaration that defendants VARGAS and MARTINEZ violated plaintiff's first amendment free speech right(s) and sought to chill the same via acting along with or under the direction of one or more government actors/officials (past or present) and private individuals.
2. A declaration that plaintiff's first amendment free speech right(s) extend(s) to plaintiff's workforce per defendants' own workplace policy and defendants collusion with one or more government actors.
3. Reinstatement of employment with the Home Depot and injunctive relief enjoining any and all cancel culture politically motivated retaliatory freedom of speech conduct at any and all of the Home Depot stores in North America.
4. An Order for economic and emotional distress damages in excess of $75,000 both joint and severally against defendants VARGAS and MARTINEZ.
5. An Order for punitive damages the greater of $225,000 or three (3) times plaintiff's damages both joint and severally against defendants VARGAS and MARTINEZ.

**Regarding the third claim for relief:**
1. A declaration that defendants VARGAS, MARTINEZ, and ROLAND DOE acted in a grossly negligent manner and/or with with the willful disregard in the handling of plaintiff's personal and private information which any reasonable employer and/or employer representation would have known better and acted more diligently to secure plaintiff's personal and private information and not subject him to harm via a cancel culture network.
2. Injunctive relief against defendants VARGAS, MARTINEZ, and ROLAND DOE, in the event of a reinstatement scenario, from any and all conduct complained of herein giving rise to irreparable harm.

16
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

3. An Order for economic and emotional distress damages in excess of $75,000 both joint and severally against defendants VARGAS, MARTINEZ, and ROLAND DOE.
4. An Order for punitive damages the greater of $225,000 or three (3) times plaintiff's damages both joint and severally against defendants VARGAS, MARTINEZ, and ROLAND DOE.

**Regarding all claims for relief:**

1. Immediate relief, at the time of judicial assignment of this case, from any and all magistrate assignment as plaintiff has a constitutional right to have his issue(s) heard via a sitting district judge.
2. An order for all defendants to pay any and all of plaintiff's costs pursuant this action, including attorney fees, to the extent incurred, pursuant the work expended for this action.
3. Equitable recovery of plaintiff's time pursuing this action.
4. Any further relief that this Court deems just and proper.

DATED: July 18, 2022

Darryl C. Carter

---

17

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**